**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTONIO RANDALL TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-911-SEP |
| | ) | |
| DOUGLAS W. BURRIS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Petitioner Antonio Randall Taylor's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Doc. [3].  For the reasons set forth below, the Court dismisses this action without further proceedings.  Further, although Petitioner has neither paid the required $5 filing fee nor requested leave to proceed *in forma pauperis*, he repeatedly avers in his Amended Petition that he is indigent.  *See id.* at 9.  The Court liberally construes Petitioner's claim as a request for leave to proceed *in forma pauperis* and grants him such leave.

### BACKGROUND

Petitioner is a Missouri state pretrial detainee and has been charged with assault, armed criminal action, unlawful possession of a firearm, and resisting arrest.  *Id.* at 1; *State of Missouri v. Taylor*, No. 16SL-CR05047-01 (21st Jud. Cir. 2016).  He is represented by counsel with respect to those charges.  Petitioner's criminal proceedings have been continued or suspended since their initiation for various reasons, including to allow Petitioner to receive psychiatric evaluations.  Most recently, on September 21, 2021, the Honorable Ellen H. Ribaudo determined that Petitioner was not mentally fit to proceed and ordered him committed to the custody of the Director of Mental Health of the State of Missouri.  Judge Ribaudo further required that Petitioner receive an evaluation in six months to determine his mental fitness to proceed to trial.  As of the date of this Order, Petitioner's criminal proceedings remain suspended.[1]

---

[1] This Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published on Missouri Case.net.  *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (district courts may take judicial notice of public state records).

In his Amended Petition, Petitioner asserts claims premised upon his right to a speedy trial and reasonable bail, as secured by the Missouri Constitution.  Doc. [3] at 6, 9.  He also alleges that the state court wrongfully denied his *pro se* motions to dismiss the case, represent himself, waive bond, and appoint a different attorney.  *Id.* at 6.  As relief, Petitioner seeks an order from this Court granting him "Immediate Discharge Immediate Dismissal of all charges and case."  *Id.* at 7.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief.  Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241.  *See* Rule 1(b) of the Rules Governing § 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

Habeas corpus is generally a post-conviction remedy.  *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968); *see also Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial.").  However, a state court defendant attempting to litigate the authority of his pretrial detention may bring a habeas petition pursuant to 28 U.S.C. § 2241.  *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (citing 28 U.S.C. § 2241) ("[A] a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241."); *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.").

Here, Petitioner's claims for relief are premised upon alleged violations of the Missouri Constitution and Missouri state law.  Federal courts do "not have jurisdiction under 28 U.S.C. § 2241 . . . to issue a writ of habeas corpus for violation of state law by state authorities." *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986).  Such claims must be addressed by a state court.  *See id*.; *see also Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984) (in the context of a § 2254 habeas petition, the "question of whether the state violated its own speedy trial statute is a matter for the state courts.").

To the extent that Petitioner means to assert claims that the state court violated his Sixth and Eighth Amendment rights pursuant to the United States Constitution, those claims also fail. As to the Sixth Amendment claim,[2] federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981).   Further, where a state prisoner is seeking pretrial habeas relief on the basis of speedy trial issues, he is required to exhaust state remedies, unless he can demonstrate the existence of special circumstances.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) ("Federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court."); *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (noting that the exhaustion requirement is intended to protect state courts' opportunity to confront and resolve constitutional issues within their jurisdictions, and is especially important in a speedy trial claim, where the relief granted usually results in dismissal of the case); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (stating that the exhaustion requirement serves the interest of comity between federal and state courts).  "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

In this case, Petitioner does not assert, nor does independent inquiry reveal, that he has exhausted state remedies with respect to any Sixth Amendment speedy trial claim.  Importantly, he has not filed a petition for writ of mandamus, which is the vehicle explicitly provided by statute to enforce his speedy trial rights in state court.  Mo. Rev. Stat. § 545.780(2). Additionally, Petitioner could not establish the necessary "special circumstances" that would allow him to avoid exhausting his state remedies. *See Dickerson*, 816 F.2d at 227 (stating that the constitutional right to a speedy trial does not qualify as a special circumstance that obviates the exhaustion requirement).  As such, he is not entitled to relief for a Sixth Amendment speedy trial claim.

---

[2] The Sixth Amendment to the United States Constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . .". U.S. CONST. amend. VI.

A possible Eighth Amendment claim likewise fails.[3]  While the primary function of bail is to safeguard the role of courts in adjudicating the guilt or innocence of defendants, the only substantive limitation is that the "conditions of release or detention not be excessive in light of the perceived evil."  *United States v. Salerno*, 481 U.S. 739, 754 (1987).  Petitioner asserts that it was improper for the state court to impose bail because he is indigent.  But in determining whether bail is unconstitutional, a defendant's inability to post an amount "does not automatically indicate excessiveness."  *White v. United States*, 330 F.2d 811, 814 (8th Cir. 1964).

Additionally, Petitioner has not exhausted state remedies with regard to an excessive bail claim.  Missouri's Supreme Court Rules allow a person who is detained and unable to meet the conditions of release to have those conditions "reviewed by the court which imposed them."  Mo. Ct. R. 33.05.  If a court "sets inadequate or excessive conditions," the accused may seek a remedial writ in a higher court.  Mo. Ct. R. 33.09.  Petitioner herein does not assert, nor does independent inquiry reveal, that he has attempted to have his bond conditions reviewed by Missouri's higher courts.  Thus, he has not exhausted his state remedies.  Petitioner has also failed to establish any "special circumstances" that would allow him to avoid the exhaustion requirement.  *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) ("exceptions to the exhaustion requirement apply only in extraordinary circumstances" and the burden is on petitioner to demonstrate such circumstances).  Therefore, Petitioner is not entitled to relief pursuant to the Eighth Amendment.

Finally, Petitioner asserts that he is entitled to relief because the state court denied several motions he filed *pro se*.  Those allegations, however, do not constitute grounds for relief under § 2241, which provides, in relevant part, that a writ of habeas corpus applies only where a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Petitioner's complaints regarding the denial of his *pro se* motions do not amount to allegations that he is being held illegally by the State of Missouri.  Thus, Petitioner is not entitled to relief on those grounds.

For the foregoing reasons, Petitioner is plainly not entitled to relief on his Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  *See* Rule 4, Rules Governing

---

[3] The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.

4

Section 2254 Cases in the United States District Courts.  Therefore, the Petition must be dismissed.

The Court has also considered whether to issue a certificate of appealability.  To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right.  *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)).  Because Petitioner herein has made no such showing, the Court declines to issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner may proceed *in forma pauperis* in these proceedings.

**IT IS FURTHER ORDERED** that Petitioner's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. [3]) is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 31st day of January, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

5